IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA'S FRANCHISE COMPANY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| PRYSTASH GROUP LLC, JAMES J. | ) |
| PRYSTASH, and ELEANOR PRYSTASH | ) |
| | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Rita's Franchise Company, LLC ("Rita's"), by its attorneys, Peckar & Abramson, P.C., and as and for its Complaint against defendants Prystash Group LLC, James J. Prystash, and Eleanor Prystash, states as follows:

1. Rita's is a limited liability company organized under the laws of Delaware and duly registered to do business in Pennsylvania, with its principal place of business located at 1210 Northbrook Drive, Suite 310, Trevose, Pennsylvania 19503. Rita's is the national franchisor of Rita's®-brand shops throughout the United States.

2. Defendant Prystash Group, LLC ("Prystash Group") is a limited liability company organized under the laws of the Pennsylvania. Its members are the individual defendants James J. Prystash and Eleanor Prystash. Each of them is a citizen and resident of Pennsylvania.

3. Prystash Group is a Rita's franchisee that formerly operated a franchised Rita's shop at 300 Tri-County Plaza, Belle Vernon, PA 15012 (the "Shop"). The individual defendants

1

personally guaranteed Prystash Group's payment and performance obligations under the franchise agreement under which it operated the Shop.

## JURISDICTION AND VENUE

4. The Court has original subject matter jurisdiction of this civil action under 28 U.S.C. §§ 1331, 1338, and 1367, in that this is a civil action involving claims arising under the laws of the United States, including an Act of Congress relating to trademarks, and wherein all other claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted in this complaint occurred in this judicial district.

6. Jurisdiction and venue are also proper in this judicial district because defendants expressly agreed in writing in both the franchise agreement and its guaranty that any action between the parties would be brought exclusively in this Court, and they irrevocably consented to, and waived any objection to, jurisdiction of and venue in this Court.

## GENERAL ALLEGATIONS

A.   **The Rita's Franchise System.**

7. Rita's is the franchisor of the approximately 600 Rita's shops located throughout the United States, including Pennsylvania.

8. Rita's shops offer, among other products, Italian ice, frozen custard, and Misto shakes.

9. Rita's, as the result of the expenditure of time, skill, effort, and resources has developed and owns a unique and distinctive format and system relating to the establishment and operation of Rita's shops.

10. Rita's grants franchises to qualified persons to establish and operate Rita's shops under written franchise agreements, together with a limited license to use certain Rita's trademarks in connection with those shops.

11. To identify the source, origin, and sponsorship of Rita's products and services, and to distinguish those products and services offered and sold by others, Rita's and its authorized franchisees have extensively used certain trademarks, trade names, and service marks, including Registration Nos. 2614810, 4028402, 4150741, and related marks (the "Rita's Marks"), in connection with the operation of authorized Rita's shops.

12. Rita's is the owner of the Rita's Marks.

13. The Rita's Marks are registered on the Principal Register of the United States Patent and Trademark Office. The registration of the Rita's Marks continues in full force and effect.

14. Rita's has given notice to the public of the registration of the Rita's Marks as provided in 15 U.S.C. § 1111 and complies with all legal requirements to ensure that it and its authorized franchisees remain the exclusive users of the Rita's Marks.

15. Rita's and its authorized franchisees have continuously used the Rita's Marks in interstate commerce in connection with the operation of Rita's shops and the promotion, offer, and sale of the products and services they offer throughout the United States, since the date of their registration.

16. Rita's and its authorized franchisees have extensively advertised and promoted the Rita's Marks and the products and services offered in association with those marks throughout the United States and through various media. As a result of such efforts and the substantial sums spent in connection therewith, the products and services offered at Rita's shops under the Rita's Marks have met with widespread public approval and have established demand and goodwill among consumers throughout the United States.

**B.   Defendants' Franchise Agreement and Guaranty**

17. Effective May 4, 2012, James J. Prystash, as franchisee, and Rita's predecessor-in-interest, as franchisor, entered into a written franchise agreement for the establishment and operation of the Shop.

18. James J. Prystash later transferred the franchise agreement to Prystash Group. In connection with the transfer, however, James J. Prystash and Eleanor Prystash each executed personal guarantees under which each agreed to be personally bound by, and personally liable for the breach of, each and every provision of the franchise agreement.

19. Under the franchise agreement, defendants agreed to operate the Shop in accordance with the franchise agreement and Rita's operational standards for the agreement's full initial ten-year term. For example, given the seasonal nature of Rita's business, Rita's franchisees may close during the winter months so long as they open at least seven days before the first day of Spring and remain open through the third Sunday in September.

20. Defendants also agreed to pay Rita's a weekly royalty in an amount equal to six and one-half percent times Rita's estimate of the amount of gross sales to be derived by defendants from the sale of certain products, as well as an advertising fee in an amount equal to

two and one-half percent times Rita's estimate of the amount of gross sales to be derived by defendants from the sale of certain products.

21.     Defendants acknowledged that any goodwill arising from their use of the Rita's Marks inured solely and exclusively to Rita's benefit and that defendants shall retain no interest in any of the Shop's goodwill upon the termination or expiration of the franchise agreement.

22.     In connection with the termination or expiration of the agreement, defendants further agreed to immediately and permanently cease to use, in any manner whatsoever, any confidential methods, procedures, and techniques associated with the Rita's system and Rita's Marks. In particular, defendants agreed to cease all signs, advertising materials, displays, stationery, forms, products, and any other articles which display the Rita's Marks.

23.     To induce Rita's to enter into the franchise agreement and provide defendants with specialized training, confidential information, and access to the Rita's franchise system, defendants agreed not to compete against Rita's during the term of the franchise agreement and for a period of two years after the termination or expiration of the franchise agreement by having a direct or indirect interest in any competitive business located within defendants' former territory or three miles of defendants' former territory.

24.     Defendants acknowledged that if they violated the noncompetition covenant, Rita's would be entitled to preliminary injunctive relief.

25.     Although the franchise agreement contains an arbitration provision, the provision excludes, at Rita's option, claims for preliminary injunctive relief to safeguard and protect Rita's interests. Accordingly, Rita's brings this action for preliminary injunctive relief without waiver of its right to arbitrate all other claims against defendants.

26. Defendants further agreed to pay all costs and expenses, including attorneys' fees, incurred by Rita's in its effort to enforce any of Rita's rights under the franchise agreement.

## C. Defendants' Abandonment of the Franchise Agreement

27. Despite defendants' obligation to operate the Shop for the franchise agreement's full term, defendants unilaterally—and without Rita's authorization—abandoned the Shop.

28. On June 1, 2018, Rita's sent defendants a default notice, informing them that their failure to open the Shop at least seven days before the first day of Spring constituted a material default under the franchise agreement. The notice demanded that defendants cure such defaults immediately by reopening the Shop.

29. Defendants' failed to cure the defaults within the cure period afforded to them.

30. On June 26, 2018, Rita's sent a termination notice informing defendants that defendants had terminated the franchise agreement based on their abandonment of the Shop.

31. The termination notice demanded, among other things, that defendants de-identify the Shop and immediately comply with their post-termination obligations, including the noncompetition covenant.

## D. Defendants' Operation of a Competitive Business

32. Despite termination of the franchise agreement, defendants continue to operate a competitive business at the same location as the Shop under the confusingly-similar name "The R & More."

33. The competitive business offers the same, or substantially similar products as the Shop.

34. The competitive business uses the Rita's Marks.

6

35. Put simply, defendants continue to falsely hold their shop out to the public as an authorized and authentic Rita's shop when it is not, causing confusion in the consumer market and damage to the Rita's brand.

36. Indeed, recent customers to defendants' competitive business have posted online comments mistakenly stating that the competitive business is the same Rita's shop with a few more authorized offerings. Others have complained that that the products "simply [are] not as good."

37. These negative reviews at the competitive business have caused and continue to cause damage to the Rita's brand and Rita's goodwill, which Rita's has devoted and continues to devote substantial, time, money and efforts to build and maintain.

38. Rita's has demanded that defendants cease and desist their unauthorized use of the Rita's Marks and honor their contractual commitments, including adhering to the franchise agreement's noncompetition covenant. But defendants have refused to do so.

39. Rita's at all times fully performed all of its own obligations under the franchise agreement.

## COUNT I - TRADEMARK INFRINGEMENT

40. Rita's restates paragraphs 1 through 39.

41. Defendants' acts, practices, and conduct constitute an infringing use in interstate commerce of the Rita's Marks, and have caused and are likely to continue to cause consumer confusion or mistake and to deceive the public in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

42. Defendants' misconduct has been, and continues to be, knowing and willful, as evidenced by their complete disregard of Rita's requests that they cease using the Rita's Marks and comply with their other post-termination obligations.

43. As a direct and proximate result of defendants' infringement, Rita's has suffered and, unless defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including without limitation, diminution in the value of the Rita's Marks, diminution in the value of its goodwill and reputation, and incalculable lost revenues and profits.

44. Rita's has no adequate remedy at law because the Rita's Marks are unique and represent to the public the Rita's identity, reputation, and goodwill, such that damages alone cannot fully compensate Rita's for defendants' misconduct.

45. Unless enjoined by the Court, defendants will continue to use and to infringe the Rita's Marks to Rita's irreparable injury. This threat of future injury to Rita's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued use of the Rita's Marks, and to ameliorate and mitigate Rita's injuries.

### COUNT II - UNFAIR COMPETITION

46. Rita's restates paragraphs 1 through 45.

47. Defendants' acts, practices, and conduct constitute unfair competition, and false or misleading descriptions or representations of fact, in that they are likely to cause confusion or mistake, and to deceive others, as to the affiliation, connection, or association of the parties, and/or to misrepresent the nature, characteristic, qualities, or geographic origin of the food products being offered and sold by defendants, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' misconduct has been, and continues to be, knowing and willful, as evidenced by their complete disregard of Rita's repeated requests that they cease using the Rita's Marks and comply with their other post-termination obligations.

49. As a direct and proximate result of defendants' infringement, Rita's has suffered and, unless defendants' infringement is enjoined, will continue to suffer actual, substantial, and irreparable harm, including, without limitation, diminution in the value of its trade dress, diminution in the value of and damage to its goodwill and reputation, and incalculable lost revenues and profits.

50. Rita's has no adequate remedy at law because the Rita's Marks are unique and represent to the public the Rita's identity, reputation, and goodwill, such that damages alone cannot fully compensate Rita's for defendants' misconduct.

51. Unless enjoined by the Court, defendants will continue to compete unfairly with Rita's to its irreparable injury. This threat of future injury to Rita's business, identity, goodwill, and reputation requires injunctive relief to prevent defendants' continued unfair competition, and to ameliorate and mitigate Rita's injuries.

**COUNT IIII - BREACH OF CONTRACT – SPECIFIC PERFORMANCE**

52. Rita's restates paragraphs 1 through 51.

53. Defendants' failure and refusal to comply with their post-termination obligations under the franchise agreement and its guaranty, including their noncompetition covenant, their obligations to de-identify their shop, to cease all use of the Rita's Marks, and to cease all use of the Rita's proprietary and confidential information, constitute material breaches of those agreements.

54.     As a result of defendants' continuing breaches, Rita's has suffered and will continue to suffer actual, substantial, and irreparable harm, including but not limited to loss of customer goodwill and loyalty, franchise system instability, the inability to refranchise the territory formerly serviced by defendants' franchised Rita's shop, lost profits, diminution in the value of its proprietary and confidential information, and loss of competitive advantage.

55.     Further, Rita's has been and will be irreparably harmed by defendants' actions, and monetary damages are an insufficient remedy in that they cannot fully and adequately compensate Rita's for the continuing damage to Rita's goodwill and reputation, its proprietary and confidential information, its system stability, and its inability to refranchise the territory, all of which are caused by defendants' continuing material breaches.

56.     Absent injunctive relief enjoining their misconduct and ordering specific performance of their post-termination obligations, defendants' material breaches will continue to cause Rita's irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE,** Rita's respectfully prays for the following relief against defendants, jointly and severally:

A.     A preliminary injunction enjoining defendants, and each of them, and their respective agents, servants and employees, and all persons in active concert or participation with them from:

1.     Using any of the Rita's Marks, or any trademark, service mark, logo, or trade name that is confusingly similar to the Rita's Marks and trade dress;

      2.    Otherwise infringing the Rita's Marks using any similar designation, alone or in combination with any other components;

      3.    Passing off any products or services as those of authorized Rita's franchisees or as genuine Rita's products or services;

      4.    Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their business, products, or services;

      5.    Causing a likelihood of confusion or misunderstanding as to their affiliation, connection, or association with Rita's, or with any of its products or services; and

      6.    Unfairly competing with Rita's, in any manner.

B.    A preliminary injunction directing defendants, and each of them, and their respective agents, servants and employees, and all persons in active concert or participation with them, to fully perform their post-termination obligations, including, without limitation, their obligations to (1) refrain from competing with Rita's in the manner required by the franchise agreement and guaranty and (2) cease any and all use or disclosure of Rita's proprietary and confidential information and licensed methods;

C.    An order that defendants file with the Court and serve upon Rita's counsel within ten days after entry of any injunction issued herein, a sworn written report setting forth in detail the manner in which they have complied with such injunction;

D.  An award of the costs and expenses, including reasonable attorneys' fees, incurred by Rita's in connection with this action, as provided by the franchise agreement and guaranty; and

E.  Such other and further relief as the Court deems just and proper.

Dated: June 29, 2018

Respectfully submitted,

RITA'S FRANCHISE COMPANY, LLC,

By: _____

Kevin J. O'Connor
PECKAR & ABRAMSON, P.C.
70 Grand Avenue
River Edge, New Jersey 07661
Tel.: (201) 343-3434
Fax: (201) 343-6306
Email: koconnor@pecklaw.com

and

Fredric A. Cohen (*pro hac vice forthcoming*)
Aaron-Michael Sapp (*pro hac vice forthcoming*)
CHENG COHEN LLC
311 North Aberdeen Street, Suite 400
Chicago, Illinois 60607
Telephone: (312) 243-1701
Facsimile: (312) 277-3961
E-mail: fredric.cohen@chengcohen.com
asapp@chengcohen.com